## WHEELING.

### KELLY *v.* LIVELY'S ADM'R *et als.*

Submitted January 18, 1883—Decided December 1, 1883.

"H. J. K." filed a creditor's bill against the administrator and heirs of "L.," which was referred to a commissioner, who reported the amount of personal assets in the hands of said administrator applicable to payment of debts—and also amounts and character of all outstanding debts against the decedent, among which was a large judgment recovered by one "L. B.," (who became a co-plaintiff in the cause), against said administrator; the court confirmed said report, as to all debts reported except as to said judgment of "L. B.," "as to which the court then declined to express any opinion," but directed said personal assets to be applied ratably, in part payment of all other reported debts—the real assets of decedent then under control of the court, being ample for the payment of all his debts including said judgment—and continued the cause with leave to all parties to take further proof of the consideration of said judgment, but made

*The other decisions announced at this term are published in vol. 22.

no final decree therein or any decree settling the rights of any
of the parties or creditors as to the residue of their debts, or the
rights of said "L B." as to his said judgment.  At this stage in
the progress of the cause, said "L. B." applied for and obtained
an appeal and *supersedeas* to the decrees directing the distribu-
tion of said personal assets.  HELD :

>     That the appeal and *supersedeas* were improvidently awarded
>     and for that cause must be dismissed.

· The facts of the case are fully stated in the opinion of the
Court.

*J. W. Davis* for appellant.

*J. D. Logan* and *A. C. Houston* for appellee.

WOODS, JUDGE:

Henry J. Kelley at September rules, 1870, filed his bill in
the circuit court of Monroe county against William Hinton,
administrator of Wilson Lively, and against his widow, and
eight children who were his heirs at law, of whom six were
infants, alleging that the decedent was indebted to him, for
which he had recovered against said administrator a judg-
ment for the sum of nine hundred and forty-two dollars and
eighty-seven cents with interest from 8th of February, 1869,
and costs, which remained unpaid, and that decedent was
also largely indebted to other persons; that at the time of
his death he owned several valuable tracts of land which
descended to his heirs, subject to the widow's dower
therein.  The bill is filed by the plaintiff in his own and on
behalf of all other creditors who are willing to come in, and
join in the prosecution of the suit and pay their proportion
of the costs, and prayed for a settlement of the administra-
tion accounts of said administrator, a convention of all the
creditors of said decedent, and for a sale of the land to pay
the debts, and for general relief.  The cause was regularly
matured for hearing and the bill was taken for confessed as
to all the adult defendents, and upon the answer of the guar-
dian *ad litem* of the six infant defendents, and on the 22d of
March, 1871, the court heard the cause and entered a decree
therein, appointing commissioners to assign the widow's
dower in said lands, and referring the cause to a commis-

sioner to settle said administration accounts, convene all the creditors of decedent, state the amounts of their several debts with their respective priorities, to whom owing, when due, and whether any portion of the same has been paid, and if so, when, and by whom paid. The commissioner under this order made his report, dated September 29, 1871, whereby it appeared that there was in the hands of said administrator, applicable to the payment of debts and charges against said estate, the sum of one thousand six hundred and seventy-two dollars and sixty-five cents as of the date of the 18th October, 1871, and that the whole amount of debts outstanding of the same date was five thousand one hundred and seventy-eight dollars and twenty cents. Of this sum, four thousand and sixty-four dollars and nineteen cents was reported as due to the appellant, who was not then a formal party to the suit, but who had appeared before the commissioner and had reported in his favor, a decree rendered in the said court for one thousand six hundred and forty dollars and forty-eight cents with interest and cost amounting on the 18th October, 1871, to two thousand and thirty-one dollars and fifty-nine cents—about the correctness of which there seems to be no controversy, and also a judgment recovered by appellant, against said administrator in the circuit court of said county for one thousand four hundred and forty-seven dollars with interest from the 24th of April, 1867, and one hundred and twenty dollars and sixty-nine cents costs in that court, and two hundred and twenty-eight dollars and four cents damages, and fifty-six dollars costs in the Supreme Court of Appeals, amounting on said 18th October, 1871, to the sum of two thousand and thirty-two dollars and sixty cents. The validity of this judgment as a proper charge against said estate, is the only matter in controversy in this suit. The commissioner made a second report, dated 23d of April, 1873, directed by an order entered in vacation, whereby it appeared that there remained in the hands of the administrator as of the 1st of May, 1873, the sum of one thousand seven hundred and fifty-eight dollars and forty-eight cents, and that there remained due to appellant on his said decree only one thousand seven hundred and thirty-four dollars with interest from that day—the same, as well as the amounts ascertained

by said first report to be due to other creditors, having been reduced by payments by said administrator, since the date of the first report.   Upon said report of the 25th of September, 1871, the administrator and heirs endorsed the following exceptions:

"So much of the report of M. J. Kester, commissioner, as allows the judgment of Lewis Ballard for the sum of one thousand four hundred and forty-seven dollars with interest from the 24th of April, 1867, is excepted to.

"1st. Because said judgment was recovered against the administrator of William (Wilson) Lively deceased because of an act done according to the usages of civilized warfare.

"2d. Because the judgment does not bind the heirs of Wilson Lively, and is no evidence of a claim against them.

"3d. Because said claim is barred by the statute of limitations."

On the 20th October, 1873, "the cause was again heard on the papers formerly read, and on the said reports of said commissioner dated the 29th September, 1871, and 23d April, 1873, to which there are no exceptions, and was argued by counsel. On consideration whereof it was adjudged, ordered and decreed that the said reports be and the same are hereby confirmed,—*except as to so much* of the same as *relates to the judgment of the Monroe circuit court of April* 1867, and interest and costs and damages on the same by virtue of the judgment of the Supreme Court of Appeals, as to the effect of which the court does not at this time express an opinion," and then proceeds to declare the amounts due upon all the other debts reported, and to direct that the sum of one thousand seven hundred and fifty-eight dollars and forty-eight cents remaining in the hands of said administrator, after payment of costs—and some other *unascertained* charges—be applied in part satisfaction of said debts, and that said creditors, so permitted to participate in this distribution have leave to sue out executions for the amounts of their several debts, against said William Hinton as such administrator, with this singular *addendum*, "that any sums that may be collected on account of the amounts hereinbefore decreed, shall, after the payment of the costs of the suit, *and all other legal costs incurred in the prosecution of any suit to*

*recover said sums*, be divided *pro rata* among the several parties hereinbefore mentioned, and· in whose favor this decree is mentioned."

On the 18th May, 1874, the said court, by the *consent of parties*, recommitted to said commissioner, his said reports of September 29, 1871, and 23d April, 1873, to take proof of other debts, and allow the administrator such additional credits for moneys paid out as he may be justly entitled to. Under this order he returned his third report dated the 14th May, 1875, whereby it appeared that on the 1st of May, 1875, only one thousand one hundred and twenty-eight dollars and fifty-seven cents remained in said administrator's hands for the payment of said debts.

On the 18th of May, 1875, upon the motion of the appellant he was made a co-plaintiff therein, and the cause then coming on again to be further heard, on the papers formerly read, and said last report, to which there were no exceptions, whereupon the court decreed that all of said one thousand one hundred and twenty-eight dollars and fifty-seven cents, with interest from 1st May, 1875, in the hands of said administrator be paid to said plaintiff *Henry J. Kelly*, who was authorized to sue out execution therefor against said Hinton as such administrator, and that the amounts collected by him shall be applied first to the payment of costs, and the balance ratably upon the debts due from decedent, and theretofore reported by said commissioner, with the exception of the judgment due the said Lewis Ballard (appellant) rendered on the 24th day of April, 1867, which judgment shall not be taken into consideration in making said distribution, and all proceedings, under said decree of October 20th, 1873, be suspended, and all executions issued thereon recalled—and leave was given plaintiff to amend his bill and the cause was remanded to rules for that purpose. No other proceedings in *that cause alone* appears to have been had, nor does it appear that any amended bill was ever filed, or process issued, or in what manner it ever again came before the court.

It appears however, that on the 12th of June, 1872, Wm. M. Kincaid and his wife Emma O. Kincaid—who was one of the children and heirs of said Wilson Lively—filed their

bill in said Court against said administrator, widow and other heirs, for partition of said lands and if not susceptible of partition to sell the same, and apply the proceeds to the payment of decedent's debts and distribute the residue according to the rights of the several heirs and widow, and that such proceedings in said cause had been had, before the 19th May, 1875, lands of decedent had been sold, and the sales thereof confirmed—the proceeds whereof amounted to eight thousand nine hundred and sixty-four dollars and sixty-eight cents—which was largely in excess of all unpaid debts due from decedent, even including said judgment with interest, costs and damages as aforesaid of one thousand four hundred and forty-seven dollars claimed by appellant—and that the said court, on the 19th day of May, 1875, (the day after the date of said last decree hereinbefore mentioned) entered in said cause of *Kincaid and Wife v. Lively's Adm'r and Heirs* the following order:

W. M. KINCAID AND WIFE ⎫
           *vs.*                    ⎬ In chancery.
WILSON LIVELY'S HEIRS *et als.* ⎭

It having been suggested to the court that there are now, or will be, funds in the hands of commissioner Patton arising from the sale had under a previous decree in this suit which are liable to be subjected to the satisfaction of the debts due from the estate of said Wilson Lively, as the same have been allowed and reported by commissioner Kester in his various reports in the suit of *H. J. Kelly* v. *Wilson Lively's Adm'r et als.*, now pending in this court, and confirmed by this court, it is, therefore, ordered that said Commissioner Patton do pay over to the creditors of the estate of Wilson Lively, whose claims have been reported and allowed by Commissioner Kester as aforesaid, *pro rata*, or to their attorneys, any sums he may now have, or that may hereafter come into his hands on account of the sale aforesaid, after deducting therefrom any amount due to him or to Caperton & Patton on account of fees for services as attorneys, taking proper vouchers for such payment.

On October 17, 1877, both of these causes came on together, to be further heard, and the court by its decree therein, rendered on that day, assigned said widow her dower in all of said lands, and in order to enable the court

to correctly determine the questions raised by the said excep-
tions of said administrator and heirs, in regard to the validity
of the appellant's judgment of one thousand four hundred
and forty-seven dollars, it was by the last mentioned decree
further declared, that the court without deciding at that
time the questions raised by exceptions to the report of said
commissioner upon the motion of the heirs of Wilson Lively,
recommitted the said report to the said commissioner, who
was required to report:

1st. Any additional debts due by said decedent.

2d. The consideration of the debt reported in favor of
Lewis Ballard (appellant) to which said exceptions apply,
how the same arose, and when?

3d. Which of the debts in said report mentioned have
been paid, and out of what source?

4th. Any other matters deemed pertinent by himself or
which may be required by any of the parties to be stated.

At the May term, 1879 of said court the appellant filed his
notice that he would move to correct said decree of the 18th
of May, 1875, for certain supposed errors not necessary to be
noticed, as the same were then held under consideration by
the court. The commissioner, under the decree of the 17th
of October, 1877, returned a fourth report of which the only
part material to be considered, relates to the consideration of
said judgment of one thousand four hundred and forty-seven
dollars claimed by appellant.

The commissioner reported that the consideration of said
judgment was the amount of damages sustained by said appel-
lant by the seizure and sale of certain of his personal prop-
erty and the occupancy of his farm by the said intestate, act-
ing as the assistant provost marshal for said county, under
and by virtue of the authority of the government of the Con-
federate States and within the military lines thereof during
the war between the United States and the so-called Confed-
erate States, the appellant then being an alien enemy of the
Confederate States, residing within the military lines of the
enemies of the said Confederate States.

To this report the appellant filed eight exceptions as follows:

"This account and report is excepted to by Lewis Ballard
because—

"1st. The commissioner admitted and acted on improper, irrelevant and incompetent evidence.

"2d. The commissioner came to his conclusions without any proper evidence to justify it.

"3d. The commissioner wholly disregarded the law of the case in his report.

"4th. There is nothing in the evidence to justify the commissioner in rejecting the claim of Lewis Ballard.

"5th. The commissioner should have allowed the claim of Lewis Ballard.

"6th. No part of the evidence justifies the conclusion that any one of the acts of Wilson Lively were according to the *usages of civilized* warfare.

"7th. The report does not conform to the directions of the court, and

"8th. There is nothing in the evidence to prove that Lewis Ballard was at any time an alien enemy."

It does not appear when this report was made or returned but the appellant's said exceptions thereto are dated the 14th of May, 1879, and the court afterwards between that day and the 19th of May, 1879, entered in the cause of *H. J. Kelly* v. *Lively's Adm'r and Heirs* the following order:

"H. J. KELLY ⎫
        vs.        ⎬ In Chancery.
LIVELY'S HEIRS. ⎭

"This cause came on again to be further heard upon the notice of Lewis Ballard to the administrator and heirs of Wilson Lively, and upon the answer thereto, and upon the report of M. J. Kester, commissioner, in response to the decree of May term, 1878, with the exceptions thereto by Lewis Ballard, and for reasons appearing to the court it is ordered that said report be recommitted to said commissioner, with leave to any party in interest to take further proof as to the claim of Lewis Ballard in dispute in this cause, and without passing at this time upon any other questions raised in the cause, it is continued until the next term of this court," and on the 19th of May, 1880, the said two causes were again further heard together and the following order was entered therein.

"KINCAID AND WIFE
    *vs.*
LIVELY'S ADM'R & H's.
    AND
H. J. KELLY
    *vs.*
THE SAME.

} In Chancery.

"These causes came on this day to be further heard together on the papers formerly read, and was argued by counsel. On consideration whereof, the court doth direct that the said special commissioner, Patton, heretofore appointed in these causes, do loan out at interest until the first day of May term next the money heretofore collected and to be collected by him in these causes, taking bond, with good security therefor, as the same may come into his hands, first paying any costs that may have accrued in the said causes."

No other order was made in said causes or in either of them in relation to the consideration of said judgment. It is unnecessary to consider or pass upon the exceptions filed by appellant to said last report of said commissioner, for the court recommitted it with leave to any party to take further proof as to the judgment of one thousand four hundred and forty-seven dollars.

In this stage of these proceedings the said Lewis Ballard has applied for and obtained an appeal and *supersedeas* from a judge of this Court.

He assigns as causes of error, in the decree of the 20th October, 1873,—that no distribution of the funds in the hands of said administrator should have been made, without reserving enough in hand to pay the amount of his said judgment, if the same had been finally allowed; and that in the decree of May 18, 1875, it was error to disallow the said judgment, because it was of equal dignity with all the other debts reported and was reported by said commissioner as proved to his satisfaction, and no one had excepted to it. From the view we take of this case it is unnecessary, and it would be improper for us now, to consider or decide any of the questions sought to be raised by the appellant in his assignment of errors. It is manifest from the whole record that the only question thus far presented to the said circuit

court for its consideration, is whether the judgment of the appellant of one thousand four hundred and forty-seven dollars is a valid and subsisting debt against the personal or real estate of said decedent. The circuit court has not yet passed upon that question, nor has it rendered any final decree in the cause; on the contrary the cause is still pending in that court before its commissioner with leave to any party in interest to take further proof as to the said claim, and that court has expressly reserved the question for its further consideration. No order has yet been entered in the cause from which Lewis Ballard can appeal, and therefore his appeal and *supersedeas* must be dismissed. as improvidently awarded, with costs to the said appellee Wm. Hinton administrator of Wilson Lively deceased.

APPEAL DISMISSED.